## Reading Eagle Co. v. Council of the City of Reading

*David H. Roland,* for plaintiff.
*David A. Binder,* for defendants.

SCHAEFFER, *P.J.,* July 28, 1992—Defendants, Council of the City of Reading, Warren H. Haggerty Jr., Edward W. Leonardziak, Ronald E. DiBenedetto, Dawn A. Schutt, and Mark A. Smolkowicz, appeal from the grant of an injunction to the plaintiff, the Reading Eagle Co. The parties' dispute arises from an April 21, 1992, city council meeting, during which council closed the meeting to the public to hold an executive session. The alleged subjects of discussion at this meeting were general hiring practices and policies, renewal of insurance coverages for volunteer fire company marching groups and a vacant library position. The rationale in closing the council meeting to the public and holding a private executive session was the possibility that lawsuits may arise out of the discussed hiring practices and policies.

We note that a statutory exception to an open meeting is an executive session. See Sunshine Act, 1986, July

3, P.L. 388, No. 84, §277(a), 65 P.S. §277(a). Defendant contends that the purpose of the April 21, 1992, executive session was permitted under 65 P.S. §278(a)(4), which states, as follows:

"Section 278. *Executive sessions—*

"(a) *Purpose*—An agency may hold an executive session for one or more of the following reasons:...

"(4) To consult with its attorney or other professional adviser regarding information or strategy in connection with litigation or with issues on which identifiable complaints are expected to be filed."

On April 29, 1992, the plaintiff was granted a preliminary injunction, and a hearing on the continuance of this injunction was scheduled for May 1, 1992. At the conclusion of the May 1, 1992, hearing, the parties agreed to submit a stipulation of facts to the court in order to resolve the legal issues of their dispute. On May 7, 1992, the parties filed their stipulation of facts.

The parties do not contest the defendants' right to hold an executive session under 65 P.S. §278(a)(4). Rather, the parties' disagreement revolves around whether the defendants have an obligation under section 278, when announcing the meeting of an executive session, to provide any additional information about the litigation or issues on which identifiable complaints are expected to be filed. Title 65 P.S. §278(b) provides the procedure to be followed when holding an executive session, but this section does not contain any guidance as to defendants' obligation to provide the public with any identifiable description of the matters to be discussed at any such executive session:

"(b) *Procedure*—The executive session may be held during an open meeting at the conclusion of an open

meeting, or may be announced for a future time. The reason for holding the executive session must be announced at the open meeting occurring immediately prior or subsequent to the executive session. If the executive session is not announced for a future specific time, members of the agency shall be notified 24 hours in advance of the time of the convening of the meeting specifying the date, time, location and purpose of the executive session...."

Plaintiff contends, and defendants dispute, that defendants must provide the public with the following information when announcing an executive session under 65 P.S. §278(a)(4):

(1) For current and pending litigation, announce at least the names of the parties and the forum where the litigation has been filed.

(2) For proposed litigation announce the general nature thereof.

(3) For an identifiable complaint which is expected to be filed, announce at least:

(a) The general nature of the complaint;

(b) To what office or bureau of the city of Reading the complaint relates; and

(c) The reason that it is expected that the complaint is filed.

On June 5, 1992, we granted the plaintiff's motion for a declaratory judgment and injunction, and entered the following order:

"ORDER

"And now, June 5, 1992, the plaintiff's motion for a declaratory judgment and an injunction is granted, and

the defendants, and each of them, are hereby enjoined from holding an executive session of the City Council of the City of Reading, (1) unless when in public session the council announces immediately prior to, or subsequent to, the executive session the purpose of the executive session, or if the executive session is to be held at a specific future time and place, after the public session, the date, time, location and purpose thereof, (2) unless when not in public session the members of council are notified 24 hours in advance of the executive session of the date, time, location and purpose of the executive session; and it is further ordered that when giving the purpose of an executive session, the council spell out for which of the reasons set forth in section 8 of the Act of July 3, 1986, P.L. 388, No. 84, subsections 1 to 5 inclusive, 65 P.S. §278, subsection 1 to 5 inclusive, the executive session is being held, and when in connection with existing litigation, the names of the parties, the docket number of the case, and the court in which it is filed, when in connection with an identifiable complaint, the nature of the complaint (although not the name of the complainant), and with regard to threatened litigation, the nature thereof (although not the possible parties thereto)."

In short, defendants were ordered when giving the purpose of an executive session to announce, as follows: (1) in connection with existing litigation, the names of the parties, the docket number of the case, and the court in which it is filed; (2) in connection with identifiable complaints, the nature of the complaint, but not the name of the complainant; and (3) in connection with threatened litigation, the nature of such litigation, but not the possible parties to it. Defendants' position is that providing such

information is not mandated under the statute, and therefore, requiring defendants to make such details available unduly burdens their right to call an executive session.

We are not unmindful of defendants' right to call an executive session to consult with counsel over litigation and identifiable complaints. The issue here, however, is not the defendants' right to call an executive session to discuss pending or existing litigation, but rather, how can the public be assured that the reasons given for calling an executive session are authentic, and that the public is not being denied access to a meeting, which they would otherwise be entitled to attend? The idea that the presence of the public at agency meetings to witness these deliberations ensures the proper functioning of government is reflected in the legislative findings in adopting the Sunshine Act, 65 P.S. §273(a):

"Section 272. *Legislative findings and declaration—*

"(a) *Findings—*The General Assembly finds that the right of the public to be present at all meetings of agencies and to witness the deliberation, policy formulation and decision-making of agencies is vital to the enhancement and proper functioning of the democratic process and that secrecy in public affairs undermines the faith of the public in government and the public's effectiveness in fulfilling its role in a democratic society."

Therefore, in order to guarantee the public the right of access to meetings at which it has a right to be present, we hold that it is not unduly burdensome for the defendants to reveal, when announcing an executive session, the names of the parties, the docket number of the case, and the court in which it is filed, in connection with existing litigation and, in the instances of an identifiable complaint

or threatened litigation, the nature of these matters, but not the parties thereto. We find that this holding reflects the purposes of the Sunshine Act, 1986, July 3, P.L. 388, No. 84. Accordingly, this decision is proper, and should, therefore, be affirmed.